Mr. Secretary of Veterans Affairs, Mr. Carpenter. Thank you very much, Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Larry Jackson. The qualifications of a physician's assistant are not entitled to the same presumption as the qualifications of a licensed physician. This Court's decisions in Rizzo and Bastine do not control this appeal. This appeal is controlled by the VA's definition of what it means to have competent medical evidence, which is found at 38 CFR 3.159A1. In Rizzo, this Court held that the VA was not required to establish affirmatively the qualifications of a medical expert. The VA's medical expert in Rizzo was a physician. The qualifications of a physician are not at issue in this appeal. The expert opinion relied upon in this case was provided by a physician's assistant and not by a physician. Mr. Carpenter, was this the only medical evidence that was obtained by the VA in connection with the review? Yes, it was, Your Honor, and it was obtained, I believe, in 2007 and was the only evidence that went to the critical issue of whether or not there was or was not a relationship between the current disability and the injury to Mr. Jackson's back during service. And that is the medical opinion or the competent medical evidence that was offered and relied upon from a physician's assistant that staff are determined that there was no relationship. The VA's regulation, or excuse me, the qualifications in this case of the physician's assistant to provide a medical nexus opinion are what's at issue. Can a medical opinion be competent under the VA's own definition if it is derived from a physician's assistant wherein the record contains no evidence as to the qualifications? Did Rizzo turn on the fact that there were specific regulations that identified qualifications for physicians? Yes. Did Rizzo turn on that or did he turn on the fact that there's no affirmative obligation to establish the existence of qualifications in the absence of a challenge? I would have to suggest that it turned on both, Your Honor, because it was critical, I believe, to the underpinning of that decision that the qualifications of a physician were known and that you couldn't, as it were, become a physician without having certain specific qualifications and that those qualifications, in fact, were provided for by statute. But is that exactly what the Rizzo court held? Didn't it really turn on the question of the fact that if you're not going to challenge the qualifications, we don't have an obligation to affirmatively come forward and establish them? Well, ultimately, that was the holding, Your Honor, and I'm not sure that that equates to the circumstances in this case. Ultimately, you challenged the qualifications of the physician's assistant in this case. Are you saying you didn't have to? I'm saying we did not have to because of the VA's own definition that it will define or that it does define medical evidence as being evidence that is provided by a person who is qualified by education, training, or experience. And there is simply nothing in this record other than the label physician's assistants to indicate why this opinion should have been accepted as competent medical evidence. When you put it up against the VA's regulatory definition, it simply doesn't meet any criteria for how a person in a non-adversarial system would be able to challenge that. That is presented as a fait accompli. This veteran got the results of the examination, and the results of that examination were an opinion from a physician's assistant. Okay, so we have a case law that says with respect to a physician that there is a presumption. With respect to a nurse practitioner, there is a presumption? Well, the lower court has held that. I do not believe that this court has addressed that issue. And there are comparable qualifications defining the qualifications by statute and regulation for a nurse practitioner. So are you saying only a physician could satisfy those qualifications? That description of competent medical evidence? In terms of a medical nexus opinion, I believe that would be correct, Your Honor. Because a medical nexus opinion, Your Honor, is unique to VA law. This is an issue that is presented for consideration that is not present in a social security disability case or a workman's compensation case in which a physician is called upon to offer an opinion about the relationship between a current disability and what may have happened, as in this case, many years earlier in an injury which took place during service. And that requires special training, special knowledge, and special experience. So you're saying the competency really depends on the question. If, for instance, there were a question of what was his blood pressure, perhaps one wouldn't challenge the physician's assistant's competence. There has to be some basis in the record upon which the court, ultimately the board, in reviewing the decision of the VA, can find that the person offering the opinion did have the education, the experience, and the training. So you're saying there's no way you could ever waive this objection because there's an affirmative obligation to put it into the record? No, I'm not saying that. You've never made the objection below, correct? No, and my point is, Your Honor, that notwithstanding the comments made by this court in Rizzo, the fact is that there really isn't a proceeding to register an objection. Now, you can certainly file something that will get into what becomes the record, but you don't go before a panel, you don't go before a hearing officer and file an objection. There is no procedure within the VA statutes or regulations in which one can challenge the qualifications of an individual providing an opinion. One can challenge the basic issue of the relationship between the current injury and past injuries. Service connection can be challenged, correct?  Then why can't the presumption of competence of a PA be challenged in the same proceeding? Because it's a question, Your Honor, when you challenge the determination on service connection, it's whether or not the record does or does not contain the requisite evidence. In this case, it is the absence of that evidence and the need to get a competent, necessary medical opinion under the VA's duty to assist that is at issue in this case. Because the VA had a duty to assist the Veteran in getting the medical opinion. They got a medical opinion. The question is, was it a competent medical opinion? Was the issue raised to the RO or to the board? No, it was not. Okay, so the first time this appears is when you're at the Veterans Court. When we're at the Veterans Court and in Mr. Jackson's brief to the Veterans Court, we presented the issue of whether or not the board did or did not correctly apply the VA's definition of competent medical evidence when considering the only evidence of records that went to medical medicine. And the Veterans Court found that among other things, there was a waiver of that issue because it was not raised below. And so that's what I'm trying to understand. Are you saying that it's like jurisdiction? That somehow you can't waive it? Oh, I see. I'm sorry. I was misunderstanding the context of your question. Yes, I believe that's true. Because the question is whether or not the decision below, the decision to deny compensation to Mr. Jackson, is based upon competent evidence. And it has to be based upon competent evidence. In this case, it was not based upon competent evidence, based upon the VA's own definition of what competent evidence is. And so, no, I don't believe that a Veteran could waive that right. Although, I suppose if you made a knowing and intelligent waiver, because there was a favorable opinion from a physician's assistant, and that was the only record, but why would there have been a denial in that case? Now, when you have the favorable evidence from someone in this context, it's not going to result in an adverse decision that would be subject to challenge or review by the court. Okay, so we're back to ERISA, which is the concept in the absence of a challenge. So you're saying there's no obligation to challenge. You can go through the whole process. You can allow the board to sit there and base its decision on the record before it. Never question the physician's assistant's qualifications, and then show up at court and say, aha, now we got you. You went through the process, and you made a decision that didn't have all of the evidence that we think you should have had. Yes, Your Honor, because the Veteran relies on the Veteran-friendly nature of this system to interpret the evidence in the light most favorable to the Veteran, and to rely upon the VA's statutes and regulations for what constitutes competent evidence. What should have happened at the board was the board should have remanded it back to the agency for identification of what the qualifications were, the education and the experience of this person who rendered the only medical opinion relative to Nexus, to determine whether that was competent. The board instead said it was competent because it came from the VA. Was the Veteran represented by counsel? Yes, he was, Your Honor, not by myself, but by other counsel. Does this happen a lot? Is it often that we have physician's assistants making these medical Nexus opinions? Frankly, Your Honor, I've had it happen in my experience on some occasions, but it is certainly not what I would say is a regular practice. Okay, let's hear from the Secretary. Mr. Officer. Thank you, Your Honor. May it please the Court. The Veterans Court correctly held that in the absence of a challenge before the board to the competency of a VA medical examiner, the board may assume or presume the competency of that medical examiner. But the board said that it was the physician. It's almost as if the board didn't understand the difference between a physician and an assistant. It does appear that the board said that, Your Honor, but it doesn't go to the central issue, which is, was the examiner competent? And in Rizzo, in Bastian, and in the Court's decision last year in Sickles, this Court three times has said that it can be presumed in the absence of a challenge before the board that the medical examiner that the VA assigned is competent. I don't know. I mean, this is really what I find so troublesome. Here we have an issue that, as far as this veteran is concerned, is critical, maybe not in a global sense, but certainly to him. So he goes through the system. He's sent for medical opinion. He doesn't get an opinion of a physician. The board thinks it is a physician because they call him a physician, and he's not the only opinion in the record. And as a result of that opinion, school's out. That's the end. The veteran loses. And shouldn't this be troubling to the VA that their system slipped and did not provide the optimum kind of attention that they purport to provide to veterans?  The VA made an intentional decision here to provide a physician's assistant because, under the presumption of regularity, the board could assume that that physician's assistant was competent. And, in fact, the physician's assistant was competent to render this decision. Your Honor is quite right. No, I didn't see anything in the record about the qualifications, their physician's assistants, their nurse's aides. There are all sorts of people at all levels in the hospital. Under Bastian and under Rizzo and under Sickles, the competency pursuant to the presumption of regularity can be assumed unless it's challenged by the claimant before the board. Here there's no dispute that it wasn't challenged before the board and Mr. Jackson was represented by counsel. There's simply nothing, absolutely nothing in any of those three decisions, which in any way suggests that its reasoning was to be limited to physicians. In fact, in Rizzo, this court quoted with approval from the Veterans Court decision in Cox, which specifically addressed the competency of a nurse practitioner. And the Veterans Court said in that decision, which was a specific challenge, as is the challenge here under 38 CFR section 3.159A, said that there's nothing in that regulation which suggests that a nurse practitioner isn't competent or that we can't presume it in the absence of a challenge. And we certainly didn't intend. So the position is then not whether or not this person was competent, but simply that it wasn't raised. That is the issue, Your Honor, yes. Did you recall that the VA relies on this hyper-technical kind of issue where you didn't raise it in town? I don't think it's a hyper-technical issue, Your Honor, because as Your Honor asked, what were the Rizzo, Bastian, and Sickles decisions based upon? I'm talking about this case. Yes, but those decisions were based upon the presumption of regularity, and that is not anything unique with physicians in that under the presumption of regularity, one can assume that the VA is going to place somebody in that examination that is competent. And there is an argument here that under the statute, they have to meet the qualifications that the secretary may prescribe. Well, this was raised in the reply brief, so we didn't have an opportunity to respond to that argument. First of all, there's nothing in those three decisions which in any way suggests that it's based upon anything in the regulations. So let's talk about this case. Okay. They send it for a medical opinion. Yes. That ordinarily medical opinion means an opinion from a physician.  An opinion from a physician. Not necessarily, Your Honor. Maybe not necessarily, as I say, if they ask what's this person's blood pressure, then maybe it's somebody who's used to taking blood pressure. That's one example. But here this is an extremely critical, subtle distinction that's being drawn that's extremely important to this veteran, if not to the VA, and they don't get a medical opinion. However, the board says we have this physician's opinion, so they apparently thought that they had a medical opinion. The board did say that, Your Honor, and the difference here, however, is that there's no contrary medical opinion. If, in fact, this were a case where there was one opinion that said, yes, there's nexus, and there was another competent medical opinion which said there's no nexus, and in weighing that evidence, the board had said, you know, the one opinion of no nexus was raised by a physician when it was really a physician's assistant, then before the veterans court, not before this court because this court wouldn't have jurisdiction of those questions, then they would have an argument that it was improperly weighed, it should be remanded for the board to re-weigh it with a proper analysis and to consider whether or not, you know, the weight would be any different under these circumstances. That's not an issue here because there's only one competent medical opinion in this case. He has two decades of medical opinion. The VA decides, all right, let's lay this to rest, and they send it for another opinion. No, no. It isn't as if this is the only opinion in the record. It's not the case that there's two decades' worth of opinions. There are no opinions, as counsel correctly represented, as to nexus in this case. In fact, that's why he had a medical examination because under the duty to assist, you only get a medical examination when there's not sufficient evidence in the record to make a decision on the case. Here there wasn't because there wasn't enough information pro or con as to nexus. So there was no opinion. There's one opinion now. It's a competent opinion of the physician's assistant that, in fact, there is no nexus. And in that context, you're saying you don't need a physician to do it? No, Your Honor. To decide it or to approve it or to put some initials on the report or something? No, Your Honor. Under the presumption of regularity, one can assume that, absent a challenge, that the VA provided someone who was competent to make that determination, in this case the nexus of whether his current back symptoms were causally related or service-connected to an injury that occurred 20 years later. Now, if there is a challenge, which in response to Your Honor's question, certainly there's a method for a challenge to be made here because, you know, as the Court is well aware, after an RO decision, a notice of disagreement is filed, and there the claimant is supposed to list his issues. He later does a brief. And one of the issues he can raise is, I question the competency of this evaluator to make this determination. At that point, once that challenge is made, now the onus is on the Board in its decision to describe and to basically qualify the expert and to say this expert is qualified. He's a physician's assistant. Pursuant to the Appendix G-8, which appears in the VA's manual, which lists six pages of extensive qualifications for physician's assistants from human resources to be hired, the Board would then have the obligation to show why this particular physician's assistant is, in fact, qualified to perform the examination that Your Honor is talking about that was done in this case. But absent such a challenge... It looks as if they called him a physician. It looks as if they didn't appreciate who had given this opinion. Well, but he's still competent. He's still allowed to assume his competence. Your Honor is absolutely right. If there were two opinions in this case, as I indicated earlier, one saying nexus and one saying no nexus, and the Board said, we're going to go with a no nexus opinion, and one of the reasons we're going with the no nexus opinion is he was a physician, then that weighing of the evidence could be challenged before the Veterans Court, not before this Court, because this Court wouldn't have jurisdiction on a weighing of the evidence question. But that's not the case here. Presumably there was no objection that said he wasn't a physician. That's correct. He was only a PA. That's correct. That's correct, Your Honor. Can I go back to the reply brief issue and putting aside any argument you might have about whether they could raise a new issue and reply, but one of the points they raised there was that the VA has specific hiring qualifications for physicians and for other medical professionals, but doesn't have any specific hiring qualifications for PAs. Does that make a difference? Well, can I first address the premise of Your Honor's question, because actually the premise is not correct, as they allege. Where the argument comes from is from the statute, which is 38 U.S.C. 7402B14, and that says that physicians assistants may be hired pursuant to qualifications that the secretary may prescribe. The assumption is made in the reply brief that those qualifications have to be set forth in some statute or some regulation. That is, in fact, incorrect. They can be prescribed in any manner possible. In this case, the qualifications for a physician's assistant are set forth in the VA manual, specifically on Appendix G8, Physician Assistant Qualification Standards, and I'll be happy to provide a report for that. Again, we didn't have a chance to respond to this, but the secretary has prescribed it. As one would imagine, they didn't hire physician's assistants without having qualifications. Certainly, they have them, and in fact, these standards make clear there's five different types of grades of physician's assistants, an associate, a full, an intermediate, a senior, and a chief, and they have different requirements in different places for all of them. So that said, there are qualifications to begin with, and there's nothing, absolutely nothing in Rizzo, in Bastian, or in Sickles, which suggests that those cases turned on whether or not there was a definition of a physician or a nurse in the statute or the regulations. Quite to the contrary, those decisions are quite clear. They turn on the presumption of regularity, as applied to this specific context, and saying that we are going to assume that the VA is going to have someone competent to perform this examination, and therefore, we are not going to make the VA, absent a challenge from the claimant, to present the qualifications. And in Rizzo, this court made a very important point in saying that there's nothing inconsistent with this treatment as compared to the duty to assist. And the reason for that is that under the duty to assist, where the VA is required when the record is in a certain state such that you can't form an opinion, a complete opinion, but there is evidence of a current, competent evidence of a current diagnosis, and the possibility that there may be a nexus, that in that scenario, the duty to assist does not require the VA to provide information to the claimant about the qualifications of the examiner. Why? Because the claimant doesn't have to prove the qualifications of the examiner. In other words, the claimant, in order to have a successful case, merely has to show, here's a VA examination that says there's a nexus, I win. The claimant doesn't have to come in and say, well, this VA examiner was qualified, he was a physician's assistant, but he's qualified to do this. There's no such burden on the claimant, nor should there be. And in fact, if Mr. Jackson's argument is correct, there may be hundreds of cases out there where awards have been granted based upon physician's assistant's determinations of nexus, and if you have to prove the qualifications, then they would be invalid. Of course, that's improper, and we would never condemn that. I don't, Your Honor. All I know is that it's common. It's very common, particularly in a case such as a back, a back injury in a nexus question, for there to be a nurse practitioner or a physician's assistant to be used. It's not anything that's uncommon. And I'd also like to mention that the query that's raised here could come up in all sorts of different contexts. If there is no challenge made, again, if there's a challenge made, you know, the presumption's gone, we then have to prove it. What if there's an optometrist who is asked to render an opinion on an ophthalogical opinion? Because he's not a physician, he's not an ophthalmologist, is he presumed not to be competent? What about a podiatrist who's asked to render an opinion on a foot condition? Is that presumed not to be competent because he wasn't an orthopedist? What if a general practitioner is asked to perform an opinion on a neurological question? Even though he's a physician, can't the competency be presumed even though he's not a neurologist or not a neurosurgeon? And even a neurologist asked to perform a neurological opinion, if it's a surgical lesion, as that was a neurosurgeon. I mean, this issue could come up in all sorts of contexts, but this court answered that issue in Rizzo, Baskin, and Sickles by saying on the presumption of regularity, absent a challenge before the board where fact-finding can be made, we're going to presume the competency of the medical examiner. Presumably, this will be even more of an issue because common knowledge that there's a shortage of physicians these days, and with more health care being provided, there will be more physicians. I'm certain that's true, Your Honor. I don't have any personal knowledge of that, but certainly with all the physician shortages and the rise in recent years of nurse practitioners and of physician's assistants, it would be incumbent upon the VA to find these people to do the examinations. And certainly this question, while it is certainly a medical question, it's not, you know, the back injury is not the most, the specialty required is not such as, you know, an L5-S1 disc or a brain injury or something of that nature. One can even question whether an internist or a general practitioner, as you were suggesting, is competent to opine on certain back injuries. That's right, Your Honor. And it could be a certain type of back injury where, you know, under the scenario we have here, you could go to the veterans' court and for the first time raise the question, well, this is just a general practitioner. We really needed a neurologist or a nurse. But this isn't a question today of competence. It's a question of waiver, right? That's absolutely right. And whether you can presume the competency absent a challenge before the board. I see that my time is up, and if the court has no further questions, we would ask that the decision below be affirmed. Thank you, Your Honor. The government and I agree that there is no contrary medical opinion. And because there was no contrary medical opinion, the issue cannot be waived. This is ultimately a duty-to-assist issue. It goes to the competency of the evidence that was developed by the VA. The board assumed incorrectly that it had a physician's opinion. It relied upon a physician's assistance opinion. Mr. Jackson did not know what the board was going to do until the board did it. When the board did it, he had the right to challenge whether or not they relied upon competent evidence under the VA's own definition. But he did know what he was appealing to the board. I mean, the underlying determination was the same as what the board ultimately reached, correct? And it relied on that medical testimony. So you're saying he didn't know what the board was going to do. No, he did not know what the board was going to do in terms of its determination that it was going to rely upon an opinion that came from a physician's assistant when in fact it came from a physician when it in fact came from a physician's assistant. He had no way of knowing that. Therefore, he couldn't challenge that determination as was made by the board. What he did was to say, you said it was a physician. It is in fact a physician's assistant. And I challenge whether or not that was competent medical evidence to support the decision. When the VA points out that there was no contrary medical opinion, they equate this as being a competent medical opinion. That goes to the heart of this case. Does a physician's opinion on medical nexus constitute a competent medical opinion under the definition provided for by the VA's regulation? That it is presented by a person who is qualified by their experience, by their training, and by their education. There is no basis for this court to presume that. The VA would equate physicians with physician's assistants. That is not a proper equation. A physician is a physician. They have accepted judicially noticeable qualifications. A physician's assistant does not, particularly in the context of a medical nexus opinion. Are you saying we have to read Rizzo and his progeny as all specifically limited to physicians? As it relates to the question of competent medical evidence under the VA's definition, yes. Because otherwise... Those cases didn't actually find that the medical evidence was competent. It just said that it's presumed competent in the absence of a challenge. That's correct, Your Honor. And this case is a direct challenge to the competency of the evidence under the VA's own definition. Okay, but you're saying that in order to get to the presumption, we have to look at the underlying competence. In other words, they have to meet a certain level of competence before they get the presumption? Yes. And that that simply required a remand from the court below to the board to inquire as to what the education experience and training was of this physician's assistant to render this opinion. And then if they found it competent, then the issue is strictly a question of whether or not that evidence was sufficient to meet the standard. And if it is not sufficient, then the VA still has its duty to assist to provide the necessary medical opinion as to relationship because they have an opinion that is not competent to draw that correlation or relationship. I see that I'm out of time unless there's any further questions. Thank you very much, Your Honor. Thank you, Mr. Carpenter. Mr. Austin, the case is taken under submission.